**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| ***ex rel.* JEFFERY HARRIS,** | ) | |
| | ) | |
| **Plaintiff-Relator,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:26-cv-73-TFM-MU** |
| | ) | |
| **CHEVRON U.S.A., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On March 6, 2026, Plaintiff-Relator Jeffery Harris ("Relator") filed this qui tam lawsuit pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730. Doc. 1. On March 23, 2026, the Court warned Relator he could not proceed *pro se* in this matter and set a deadline of May 1, 2026, to either retain counsel to represent his claims in this matter, or file a status report of how he intended to proceed, and warned him his claim could be dismissed, pursuant to Fed. R. Civ. P. 41, if he failed to comply with the Court's Order. Doc. 5. On March 27, 2026, Relator filed a status report (Doc. 6) in response to the Court's Order (Doc. 7) that the Court construed as a motion for extension, granted the construed motion, extended the deadline to July 30, 2026, to retain counsel, and ordered him to file a status report of his effort in the interim (Doc. 7). On May 8, 2028, the United States filed a notice of election in which it declined to intervene in this matter and stated Relator was aware he could not proceed *pro se* in this matter. Doc. 8. On June 12, 2026, Relator filed a status report (Doc. 10) in response to the Court's Order (Doc. 9), and the Court, again, granted Relator's request to extend the time for him to retain counsel to August 31, 2026 (Doc. 11). As of the date of this Memorandum Opinion and Order, counsel has not appeared on behalf

of Relator, and Relator has not filed anything in this matter since that deadline passed. *See* Docket Sheet.

A qui tam lawsuit under the FCA is one in which actions brought by private individuals "shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). The FCA provides, first, that "[i]f the government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action[,]" 31 U.S.C. § 3730(c)(1), and second, "[i]f the government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action[,]" 31 U.S.C. § 3730(c)(3). "The United States is the real party in interest in a qui tam action under the False Claims Act even if it is not controlling the litigation." *United States ex rel. Walker v. R&F Properties of Lack County, Inc.*, 433 F.3d 1349, 1359 (11th Cir. 2005). In essence, if the United States chooses not to intervene, the Relator steps into its shoes to pursue the litigation.

28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct causes therein." While a party may proceed *pro se* on his own behalf but as a non-attorney, he cannot engage in the practice of law on behalf of others. The Eleventh Circuit has held on several occasions that 28 U.S.C. § 1654 prohibits a non-lawyer from representing another entity such as a corporation, trust, or estate. *See, e.g., Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th 1984); *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012).[1] This includes qui tam lawsuits. The

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

Eleventh Circuit has expressly held that *pro se* individuals cannot serve as qui tam relators. *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *see also Ford v. Helms Career Institute*, 825 F. App'x 719, 721-22 (11th Cir. 2020) ("[W]e have held that an individual may not maintain a qui tam suit under the FCA as a pro se relator." (internal quotation marks and citation omitted)).

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." (citations omitted)). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Relator's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

The Court has instructed Relator he is required to be represented by counsel in this FCA action, and the Court has granted him several extensions to secure counsel, but he has failed to do so. Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Relator's

claims] *sua sponte* for lack of prosecution." *Wabash R.R. Co.*, 370 U.S. at 630; *see also Betty K Agencies, Ltd*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders). Accordingly, Relator's claims in this matter are **DISMISSED without prejudice** for failure to prosecute and obey the Court's order.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 22nd day of October 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE